McFarland, J.,
delivered the opinion of the court.
These two causes were in the court below consolidated, and heard, with the cause above disposed of, and they have been heard together in this court.
The question arising in these two last named cases is, as to the charge by Lofland that there was usury in the note for $10,000 executed by him to "William Coward and secured by the deed of trust to Samuel H. Howard, referred to in the foregoing opinion.
The Chancellor directed a reference as to the amount of this usury, -and from this decree Coward appealed.
The note was given for, $10,000 of scrip of the City of Memphis, which the record shows was not of par value at that time.
The answer of Coward denies that there was any usury in the transaction, and alleges that it was a sale of the scrip for $10,000, as the note shows, which is due January 1, 1867, without interest until maturity.
It is not argued that this answer admits the. usury, or admits a state of facts showing usury.
There is no proof upon the question, in the record of these eases; but it is argued that the deposition of Coward, taken in the case against Culver, shows the usury, — that the transaction was a loan, and not a sale of the city scrip.
It is insisted that the effect of consolidating the cases was to make the testimony in each case apply as well to the other.
*548 This question was before this court at a former term; and, upon full consideration, it was held that this was not the effect of a consolidation.
The deposition relied upon to prove the usury is not in the transcript of the present cases; nor is there in the decree, or in the record, anything to show that it was read upon the trial of these eases, unless it be the circumstance that a joint decree was entered.
We are asked to look to the transcript in the other case for the proof on this question.
This, we have held we cannot do. We are therefore constrained to reverse the decree of the Chancellor upon this matter, and to dismiss the bill of Lof-land with costs.